FILED
U.S. DISTRICT COURT
~~~VILLE DIVISION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

2015 JAN 22  PM 3: 57

SOUTHERN DISTRICT
OF INDIANA
LAURA A. ~~~

| | |
|---|---|
| DEBRA EWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. |
| | ) |
| GC SERVICES LIMITED PARTNERSHIP, | ) |
| | )   **3 :15-cv-007 RLY -WGH** |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, DEBRA EWART ("Plaintiff"), by and through her attorneys,

KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, GC SERVICES

LIMITED PARTNERSHIP ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.      Plaintiff's Complaint is under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15

U.S.C. § 1692(d).

3.      Venue is proper pursuant before this Court pursuant to 28 U.S.C. § 1391(b)(2) as the

acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this

district and Defendant transactions business in this district.

### PARTIES

4.      Plaintiff is a natural person at all times relevant residing in Madison County,

Markleville, Indiana.

5.      Plaintiff is obligated or allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

6.      Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 7708.

7.      Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

9.      Prior to the filing of this action, an account was placed with Defendant to collect funds from Plaintiff which were alleged to be owed and past due ("debt").

10.      The alleged debt arises from transactions made on Plaintiff's credit card which was used for personal purposes.

11.      In connection with its attempts to collect the alleged debt, Defendant places telephone calls to Plaintiff ("collection calls") to Plaintiff at (765) 274-44xx, Plaintiff's residential telephone.

12.      In 2014, Defendant placed a telephone call to Plaintiff and left the following message.

> Hi, Debra Ewart, this is Ron Brown.  Please give me a call
> back at 800-652-7681, extension 175.  Thank you.

13.      Defendant placed the aforementioned call in connection with its attempts to collect the alleged debt from Plaintiff.

2

14. The only purpose Defendant had to call Plaintiff was to attempt to collect the alleged debt.

15. Defendant did not, through its message, disclose Defendant's identity.

16. Defendant did not, through its message, state its name.

17. Defendant did not, through its message, disclose it was GC Services.

18. Defendant did not, through its message, state its agents' duties, role or position.

19. Defendant did not, through its message, state the nature of its business.

20. Defendant did not, through its message, disclose that it was a debt collector.

21. Defendant did not, through its message, disclose that the purpose of its call was to collect a debt.

22. Defendant, through its message, withheld its name to deceive Plaintiff as to Defendant's true identity.

23. Defendant, through its message, withheld the nature of its call to deceive Plaintiff as to Defendant's true purpose to collect funds from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant's violations of the FDCPA include, but are not limited to, the following:

     a. Defendant violated §1692d(6) of the FDCPA by failing to provide Plaintiff with its identity in its message for Plaintiff; and

     b. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its message that it is a debt collector.

3

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

25.     Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

26.     Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

27.     Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Ryan Lee
Ryan Lee, Esq. (CA SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
T: (323) 988-2400 x241; F: (866) 861-1390
Rlee@consumerlawcenter.com
Attorneys for Plaintiff

4